UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-10100 CIV-KING

JORGE GARCIA, on his own
behalf and others similarly situated,

    Plaintiff,

v.

KEY WEST OFFICE MANAGEMENT, INC.,
a Florida corporation, d/b/a
PEGASUS INTERNATIONAL HOTEL,
and SANDEPP SINGH, individually,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' THIRD, FOURTH AND TENTH AFFIRMATIVE DEFENSES

Plaintiff, JORGE GARCIA, by and through his undersigned counsel and pursuant to the Federal Rules of Civil procedure and Local Rules for the Southern District of Florida, requests the entry of an Order striking the following Affirmative Defenses: (1) Defendants' conclusory assertions of the defense of "failure to provide notice of any alleged unlawful pay practice" (Defendants' Third Affirmative Defense); the defense of "duty to mitigate damages" (Defendants' Fourth Affirmative Defense); and Defendants' demand for attorney's fees (Defendants' Tenth Affirmative Defense) set forth in their Answer [D.E. 7], respectively, and states as follows:

## INTRODUCTION

Plaintiff brings this action on behalf of himself and other employees and former employees of Defendants for overtime compensation and other relief under the Fair Labor Standards Act , as

amended, 29 U.S.C. §216(b) ("FLSA").  Plaintiff asserts that Defendants failed to pay Plaintiff, and the other employees similarly situated, with time and a half of their regular rate wages for their hours worked in excess of forty (40) within a work week.

In their Answer Defendants assert certain affirmative defenses, such as failure to provide notice of any alleged unlawful pay practice, duty to mitigate damages, and request for attorneys' fees, all of which should be stricken because these defenses are either not recognized under the FLSA or are simply insufficient as a matter of law.

Pursuant to Local Rule 7.1, undersigned counsel for Plaintiff certifies that a reasonable effort has been made to confer with counsel for Defendants in a good faith effort to resolve the issues raised by the Motion, but that the parties were unable to resolve same.

## MEMORANDUM OF LAW

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "upon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertent, or scandalous matter." A court will strike a defense, or part of a defense, only when it has no possible bearing upon the subject matter of the litigation. Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958); Anchor Hocking Corp. v. Jacksonvill Elec. Auth., 419 F. Supp.l 992, 1000 (M.D. Fla. 1976). A defense has no bearing on the case when it is patently frivolous or invalid as a matter of law.

Defendants' Answer and Affirmative Defenses, of course, is a pleading within the meaning of Fed. R. Civ. P 12(a) and (b). The affirmative defenses asserted by Defendants which are at issue in this Motion are either not recognized under the FLSA or are simply insufficient as a matter of law

and thus appropriate to strike from the pleadings. Although motions to strike generally are not favored, legally insufficient defenses such as the defenses raised by Defendants should appropriately be stricken.

    **1.**    **Failure to Provide Notice of Any Unlawful Pay Practice (Defendants' Third Affirmative Defense**

Defendants erroneously claim in their Third Affirmative Defense that "[t]he action and/or the damages claimed in this action are barred by Plaintiff's failure to provide notice of any alleged unlawful pay practice." There is no requirement under the FLSA for a plaintiff to have provided notice of an alleged wage violation prior to brining suit. An employee is only obligated to have given an employer notice for a claim brought under the FLSA's anti-retaliation provision. See, Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1319 (S. D. Fla. April 8, 2005) (Case No. 04-81079-CIV-RSKAMP/VITUNAC) (citing 29 U.S.C. §215 (a)(3) and Lambert v. Ackerley, 180 F. 3d 997, 1007 (9th Cir. 1999)). Also, the FLSA does not require exhaustion of administrative remedies or procedural prerequisite prior to bringing an FLSA claim. Grochowski v. Ajet Construction Corp., 2000 WL 1159640 *3 (S.D.N.Y. 2000) (citing 29 U.S.C. §201; see also, Thomas v. Cook County Board, 1994 WL 374280 (N.D. Ill. 1994).

For these reasons, the defense of failure to provide notice of any alleged unlawful pay practice (Defendants' Third Affirmative Defense) must, as a matter of law, be stricken.

    **2.**    **Failure to Mitigate (Defendants' Fourth Affirmative Defense)**

As their Fourth Affirmative Defense, Defendants state that Plaintiff has a duty to mitigate damages. The doctrine of mitigation is not applicable to FLSA actions. See, Morrison v. Executive Aircraft Refinishing, Inc., at 1319. Although employees claiming wrongful discharge under Title VII

or the Age Discrimination in Employment Act have a duty to use reasonable efforts to mitigate their damages, there is no requirement to mitigate overtime wages under the FLSA. Id.  As Plaintiff has not alleged any claims pursuant to Title VII or the Age Discrimination in Employment Act , the Defendants' Fourth Affirmative Defense is legally insufficient and must be stricken.

### 3.  Defendants' Request for Attorney's Attorneys' Fees (Defendants' Tenth Affirmative Defense)

In addition, Defendants have also requested award of their attorneys' fees which is contrary to the provisions of the FLSA.  Section 216(b) of Title 29 of the United States Code provides that "[t]he court in such action shall, ***in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant***, and costs of the action."  (emphasis added).  However, the FLSA is completely devoid of any comparable provision for the award of attorneys' fees to a defendant-employer.

By its express terms, §216(b) prescribes attorneys' fees ***only*** for a prevailing plaintiff and ***not*** to a defendant as a prevailing party.  Therefore, as a matter of law, Defendants' demand for attorneys' fees is legally insufficient, as there exists no set of facts which Defendants can establish to support such a request.  For these reasons, Plaintiff respectfully requests this Court strike Defendants' Tenth Affirmative Defense requesting attorneys' fees.

### 4.  Failure to Comply with Rule 8

Finally, Defendants likewise fail to appreciate that, much like a Complaint, an Answer – including the affirmative defenses – must comport with Federal Rule of Civil Procedure 8. Defendants' conclusory assertions of the defenses of failure to and Defendants' request for attorney's fees fail to place Plaintiff on notice of the factual basis for each of these affirmative defenses and

therefore each should be stricken.  See, e.g., Blonder-Tongue Lab, Inc. v. University of Ilinois Foundation, 402 U.S. 313 (1971); Pulliam v. Tallapoosa County Jail, 185 F. 3d 1182 (11th Cir. 1999).

## CONCLUSION

For the reasons set forth above, each of the affirmative defenses which are the subject of this Motion to Strike must be stricken as legally insufficient.  These defenses simply do not apply as defenses to a Fair Labor Standards Act claim for overtime wages.  Moreover, Defendants' request for attorneys' fees likewise is not recognized under the Fair Labor Standards and must also be stricken as a matter of law.

WHEREFORE, Plaintiff, JORGE GARCIA, requests the entry of an Order striking Defendants' Third (failure to provide notice), Fourth (failure to mitigate), and Tenth Affirmative Defense (Defendants' demand for attorney's fees). Further, Plaintiff requests an award of $450.00 in attorney's fees associated with this Motion (representing 2.0 hours of attorney's time).

Dated: October 30, 2006  
Boca Raton, Florida

Respectfully submitted,

**s/MAGUENE DIEUDONNE**  
Maguene Dieudonne  
Florida Bar No. 0591361  
E-mail: mdieudonne@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
1515 South Federal Highway, Suite 404  
Boca Raton, Florida 33432  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831  
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 30, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                **s/MAGUENE DIEUDONNE**
                Maguene Dieudonne, Esq.

**SERVICE LIST**
**Jorge Garcia v. Key West Office Management, Inc., et al.**
**Case No. 06-CIV-10100-Civ-King**

Todd William Shulby, Esq.

Email: shulbylaw@comcast.net

12555 Orange Drive, Suite 270

Davie, Florida 33330

Telephone: 954-862-1770
Facsimile: 954-862-1769

Attorney for Defendants

Served via U.S. Mail and using CM/ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  06-10100 CIV-KING

JORGE GARCIA, on his own
behalf and others similarly situated,

    Plaintiff,

v.

KEY WEST OFFICE MANAGEMENT, INC.,
a Florida corporation, d/b/a
PEGASUS INTERNATIONAL HOTEL,
and SANDEPP SINGH, individually,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court upon Plaintiff's Motion to Strike Defendants' Third, Fourth, and Tenth Affirmative Defense and Plaintiff having shown good cause and the Court having reviewed the record and being advised on the premises, it is hereby

ORDERED AND ADJUDGED that the Plaintiff's Motion to Strike is _____.

DONE AND ORDERED in _____County, Florida this _____ day of _____, 2006.

                                                     _____
                                                     U.S. DISTRICT COURT JUDGE

Copies furnished to:
Maguene Dieudonne, Esq., 1515 S. Federal Highway, Suite 404, Boca Raton, Florida 33423; Fax 561-447-8831.
Todd William Shulby, Esq., 12555 Orange Drive, Suite 270, Davie, Florida 33330; Fax 954-862-1769.